UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Consumer Financial Protection Bureau, | Case No. 24-cv-04610-NEB-TNL |
| *Plaintiff*, | |
| v. | **MEMORANDUM IN SUPPORT OF DEFENDANTS' UNOPPOSED MOTION TO STAY CASE AND VACATE EXISTING CASE DEADLINES** |
| Walmart Inc. & Branch Messenger, Inc., | |
| *Defendants*. | |

## INTRODUCTION

Defendants Walmart Inc. ("Walmart") and Branch Messenger, Inc. ("Branch") bring this unopposed motion (the "Motion") to stay this case and to vacate existing deadlines in order to preserve the resources of the Court and the parties in light of the significant and well-publicized uncertainty surrounding Plaintiff Consumer Financial Protection Bureau's (the "Bureau") prosecution of this matter. Counsel for the Bureau has informed counsel for Defendants that it has "been authorized to agree to a stay" and requested that Defendants "present the court with an unopposed motion seeking the relief in [this Motion]."

This case was one of several the Bureau filed in the waning days of the Biden Administration. The parties initially negotiated a briefing schedule for Defendants to move to dismiss the Bureau's complaint by March 7, 2025, and the Court entered an order memorializing that schedule on January 29. Then, on February 3, the Bureau's Acting Director reportedly directed the Bureau's staff to "halt any activity related to enforcement

1

matters, litigation and public communications." *See, e.g.*, Katy O'Donnell, *Bessent Orders Halt to Consumer Bureau Activity*, POLITICO (Feb. 3, 2025, 11:14 AM), https://www.politico.com/news/2025/02/03/bessent-consumer-bureau-chief-00202076.

After the Bureau sought stays in several other cases pending in federal courts across the nation, Defendants approached Bureau staff to seek a stay of this matter. But on Friday, February 7, the staff initially declined, offering instead a 56-day extension to the current briefing schedule. Then, on Monday, February 10, the Bureau's new and current Acting Director, Office of Management and Budget ("OMB") Director Russell Vought, reportedly took that directive a step further—reiterating the pause on ongoing litigation, closing the Bureau's offices for at least a week, and instructing its staff to "[s]tand down from performing any work task." *See, e.g.*, Stacy Cowley, *Confusion Reigns as 'a Wrecking Ball' Hits the Consumer Bureau*, N.Y. TIMES (Feb. 10, 2025), https://www.nytimes.com/2025/02/10/business/cfpb-shutdown-confusion.html.

In light of these developments, Defendants renewed their request that the Bureau consent to a stay to preserve resources and sought to meet and confer about the impact of the Acting Director's directives on the future of this case. On Wednesday, February 12, the Bureau's counsel advised counsel for Defendants that they "have been authorized to agree to a stay" and requested that Defendants "present the court with an unopposed motion seeking the relief in [this Motion]."

Defendants accordingly bring this Unopposed Motion to (1) stay this litigation, including Defendants' deadline for responding to the Bureau's complaint; (2) vacate all

existing deadlines; and (3) set this case for a status conference in sixty days, consistent with the Court's schedule.

## BACKGROUND

On December 23, 2024, the Bureau filed its complaint against Walmart and Branch. Dkt. No. 1. The Bureau's complaint alleges 15 counts against Defendants under novel and expansive readings of multiple federal laws. *Id.* The pleading spans 60 pages and 265 paragraphs of allegations. *Id.*

On January 29, 2025, the Court approved the parties' joint stipulation regarding responses to the Bureau's complaint. Dkt. No. 20. The Court set the deadline for Walmart and Branch to respond to the Bureau's complaint as March 7, 2025. *Id.*

Just two days later, on Friday, January 31, 2025, the President dismissed the Bureau's prior Director and designated Secretary of the Treasury Scott Bessent as the Bureau's new Acting Director. *See* Bureau, *Statement on Designation of Treasury Secretary Scott Bessent as Acting Director of the Consumer Financial Protection Bureau* (February 3, 2025), https://www.consumerfinance.gov/about-us/newsroom/statement-on-designation-of-treasury-secretary-scott-bessent-as-acting-director-of-the-consumer-financial-protection-bureau. The following Monday, Acting Director Bessent reportedly ordered Bureau staff to halt all enforcement and litigation activity. *See, e.g.*, O'Donnell, *Bessent Orders Halt to Consumer Bureau Activity*.

In other cases currently being litigated by the Bureau, the agency sought stays or continuances—consistent with the Acting Director's instructions. *See, e.g.*, Emergency Motion for Temporary Stay of Deadlines, *CFPB v. Capital One Fin. Corp.*, Case No. 25-

cv-61, Dkt. No. 13 (E.D.Va., Feb. 4, 2025) ("To promote consistency with the goals of the new Administration, on February 3, 2025, Acting Director Bessent directed counsel for the Bureau not to make filings or appearances in any litigation, other than to seek a pause in proceedings."); Emergency Notice, *Chamber of Commerce v. CFPB*, Case No. 23-40650, Dkt. No. 129 (5th Cir.) ("Counsel for the CFPB has been instructed not to make any appearances in litigation except to seek a pause in proceedings. Accordingly, counsel for the CFPB will appear at today's hearing but will not present argument other than to respectfully request a pause in proceedings."); Emergency Notice, *Texas Bankers Ass'n v. CFPB*, Case No. 24-40705, Dkt. No. 117 (5th Cir.) (same). In light of these developments, and with the date for Defendants' responses to the Bureau's complaint approaching, counsel for Defendants reached out to Bureau staff on February 5 and 6, 2025, to confer regarding the status of this matter, the impact of the Acting Director's directives on this case, and the potential for a stay to conserve Court and party resources. Declaration of Kristin K. Zinsmaster, Exhibit A at 5–6.

On Friday, February 7, 2025, counsel for the Bureau responded and initially stated that they did not believe a stay was needed but "would be amenable to a 56-day extension of the briefing schedule." *Id.* at 4. Later that same day, the President designated OMB Director Russell Vought as the Bureau's new Acting Director. *See* Dylan Tokar & Brian Schwartz, *Russell Vought Taking Over as New Acting Head of CFPB*, WALL ST. J. (Feb. 7, 2025, 8:50 PM), https://www.wsj.com/finance/regulation/russell-vought-taking-over-as-new-acting-head-of-cfpb-9650d338. That weekend, Acting Director Vought reportedly issued new instructions expanding former Acting Director Bessent's earlier directive. In

4

addition to reiterating the command to pause ongoing litigation, Acting Director Vought reportedly instructed Bureau staff to "[s]tand down from performing any work task[s]" and to "not come into the office." Cowley, *Confusion Reigns as 'a Wrecking Ball' Hits the Consumer Bureau*; Ryan Mac & Stacy Cowley, *Federal Financial Watchdog Ordered to Cease Activity*, N.Y. TIMES (Feb. 8, 2025), https://www.nytimes.com/2025/02/08/us/politics/cfpb-vought-staff-finance-watchdog.html.

Defendants responded to Bureau staff the following business day, Monday, February 10, 2025, to reiterate their belief that the significant uncertainty at the Bureau warranted a stay. *See* Declaration of Kristin K. Zinsmaster, Exhibit A at 3. Counsel for Defendants asked Bureau staff to "confirm that [they] have conferred with leadership following Acting Director Vought's reported instructions" and to provide the Bureau's position by 5 p.m. that day. *Id.* On February 11, after receiving no response, counsel for Defendants reiterated their prior requests and informed Bureau staff via email that Defendants would likely need to seek relief from the Court if Bureau staff did not respond with the Bureau's position. *See id.* at 2–3. On Wednesday, February 12, counsel for the Bureau advised that they "have been authorized to agree to a stay" and requested that Defendants "present the court with an unopposed motion seeking the relief in [this Motion]." *Id.* at 1.

## ARGUMENT

In light of the foregoing, Defendants respectfully submit that there is good cause to stay this matter, vacate all existing deadlines, and set a status conference in sixty days, consistent with the Court's schedule.

To begin, a stay will provide certainty to Defendants and the Court regarding the status of this litigation and the Bureau itself. Over the past week, Defendants have been whipsawed by the competing—and at times conflicting—reporting regarding the status of the Bureau and the staff's ability to prosecute this case. When they have reached out to confer with Bureau staff regarding these reports, they have received either responses that are contrary to reported information or, as noted above, no response at all for prolonged periods. It was only after repeated inquiries from counsel for Defendants over the course of a week that the Bureau agreed to a stay of this matter.

In addition to providing certainty, a stay will also preserve the parties' resources. Defendants are currently preparing motions to dismiss the Bureau's complaint. Those motions are due on March 7. As explained in Defendants' recent request to expand the word limit for their briefs, their motions will be lengthy and will necessarily address complex legal issues implicating numerous statutory regimes. *See* Dkt. No. 25. The substantial resources Defendants are investing in their motions inevitably will be wasted if the Bureau simply seeks a stay of this action or dismissal of the complaint when it is compelled to respond to Defendants' motions to dismiss in the coming weeks—as the Acting Directors' recent directives, the Bureau's conduct in other cases, and its consent to a stay here suggests it may. Nor should Defendants be required to preview their arguments

6

for dismissal on March 7, only to have the Bureau seek to stay or dismiss this matter with the option to re-file it again at a later date.

A stay will also preserve judicial resources, ensuring that the Court need not spend time considering Defendants' motions to dismiss or further briefing regarding the status of the case after they are filed.

## CONCLUSION

Defendants respectfully request that the Court grant its unopposed Motion and enter an Order (1) staying the case, including Defendants' deadline to respond to the Bureau's complaint; (2) vacating all existing deadlines; and (3) setting a status conference in approximately sixty days, consistent with the Court's schedule. The Bureau does not oppose the relief sought.

| | |
|---|---|
| Dated:   February 12, 2025 | Respectfully submitted,<br><br>*/s/ Kristin K. Zinsmaster*<br>Kristin K. Zinsmaster (MN #0391299)<br>JONES DAY<br>90 South Seventh Street<br>Suite 4950<br>Minneapolis, MN  55402<br>Telephone:  (612) 217-8800<br>kzinsmaster@jonesday.com<br><br>Brian C. Rabbitt (*pro hac vice*)<br>Patrick T. Haney (*pro hac vice*)<br>Brinton Lucas (*pro hac vice*)<br>JONES DAY<br>51 Louisiana Avenue NW<br>Washington, DC  20001<br>Telephone:  (202) 879-3939<br>brabbitt@jonesday.com<br>phaney@jonesday.com<br>blucas@jonesday.com<br><br>*Counsel for Defendant Walmart Inc.*<br><br>*/s/ Eric R. Sherman*<br>Eric R. Sherman (#0331430)<br>DORSEY & WHITNEY LLP<br>50 South Sixth Street, Suite 1500<br>Minneapolis, MN 55402<br>Telephone:  (612) 340-2600<br>Facsimile:  (612) 340-2868<br>sherman.eric@dorsey.com<br><br>Matthew Kutcher *(pro hac vice)*<br>COOLEY LLP<br>110 N. Wacker Drive<br>Suite 4200<br>Chicago, IL 60606<br>Telephone: (312)-881-6500<br>mkutcher@cooley.com |

Michelle Rogers *(pro hac vice)*
COOLEY LLP
1299 Pennsylvania Ave NW
Suite 700
Washington, DC 20004
Telephone: (202)-842-7800
mrogers@cooley.com

*Counsel for Defendant Branch Messenger, Inc.*